UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:23-CV-00147-JHM**

**JAMES M. WESTON, JR.**                                                               **PLAINTIFF**

**v.**

**LOUISVILLE METROPOLITAN GOVERNMENT,** *et al.*             **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff James M. Weston, Jr., filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the claims set forth in the complaint and amended complaint but will allow Plaintiff to file a second amended complaint.

**I.**

On March 27, 2023, Plaintiff initiated this *pro se* 42 U.S.C. § 1983 civil-rights action. [DN 1]. Plaintiff sues the following Defendants in their official capacities: Louisville Metropolitan Government, Louisville Metropolitan Department of Corrections or Louisville Metro Detention Center ("LMDC"), Jefferson County Sheriff, and Well Path. [*Id.*].

Plaintiff states that on February 20, 2023, the Jefferson County Sheriff's Office arrived at his residence in Louisville, Kentucky, and questioned his wife about his location "using threats and other intimidation tactics." [*Id.* at 4]. She specifically informed the deputy that Plaintiff was not carrying a firearm. [*Id.*]. Plaintiff alleges that at this time the Jefferson County Sheriff's Office was purportedly executing a warrant for Plaintiff's arrest which he believes to be unlawful. [*Id.*]. On that same date, a Jefferson County Sheriff's Deputy observed Plaintiff walking down the street and excessively and violently undertook Plaintiff's arrest despite being aware that he had a serious

heart condition and that he did not have a firearm. [*Id.* at 5]. Plaintiff alleges that he did not resist arrest, but the deputies tased Plaintiff repeatedly, anywhere from four to seven times, placed a knee in his back, kicked at his ribs, and caused him to violently hit his head on the ground. At the scene of the arrest, Plaintiff had a cardiac event. He remained in the hospital for three days for a diagnosed heart attack. [*Id.*].

On February 22, 2023, Plaintiff was transferred to LMDC where he alleges he was improperly housed in the "detox dorm" and then the fourth floor—dangerous settings for an inmate "straight off of a heart attack caused by [the Jefferson County Sheriff's Office's] excessive force and other wrongful conduct. [*Id.* at 6]. Plaintiff further alleges that he was supposed to have an evaluation of his heart done at Jewish Hospital shortly after arrival at the LMDC, but that LMDC has never permitted him to attend a follow-up evaluation. [*Id.*]. On March 8, 2023, Plaintiff suffered another cardiac event at which time he alleges that LMDC and Well Path staff failed to take action. Plaintiff represents that he filed a grievance regarding the insufficient medical care, but has not received any further medical treatment. [*Id.* at 6].

Plaintiff filed an amended complaint [DN 6] indicating that on April 7, 2023, he was transferred from LMDC to the University of Louisville. Plaintiff alleges that he learned from the medical professionals that "[t]he excessive tasing of Plaintiff . . . caused damage to Plaintiff's heart, inducing but not limited to release of harmful liquids into Plaintiff's blood stream." [*Id.* at 1]. Plaintiff asserts that he will require further serious medical attention which should have been provided when originally requested by him. [*Id.*].

In addition to the events surrounding Plaintiff's February 20, 2023, arrest, Plaintiff also alleges that he was released from the LMPD in August 2022 without referral to available medical services and within weeks had to have surgery on his heart "which should have been identified

and remedied by [Louisville Metropolitan Government] and Well Path while [Plaintiff] was in their care, custody and control." [DN 1 at 4]. As a result of this conduct, Plaintiff claims that the Louisville Metropolitan Government and Well Path "negligently, recklessly, wantonly, and/or with gross negligence, failed to identify, diagnose, and/or properly treat his heart condition." [*Id.*].

Plaintiff alleges that these acts or omissions by Defendants constitute violations of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. [*Id.*]. Relatedly, Plaintiff brings claims against Defendants for violations of Title VII of the Civil Right Act [*Id.*]; the Kentucky Constitution [*Id.*]; the Kentucky Civil Rights Act [DN 1-1 at 1]; intentional infliction of emotional distress; and negligence per se as a result of violations of the American Corrections Association Standards. He also brings state law assault and battery charges against the Jefferson County Sheriff's Office. [DN 1-1 at 3]. Plaintiff further asserts a breach of contract claim against Louisville Metro Government for the alleged breach of the LMDC Inmate Handbook; implied covenant of good faith and fair dealing; and promissory/equitable estoppel. [*Id.* at 1–2].

In addition to claims surrounding Plaintiff's medical care against the Louisville Metropolitan Government, Plaintiff asserts condition of confinement claims including the following: Plaintiff has never been given a pillow; the lights are always on in his dorm; there are no windows by which he can see outside; he is not provided anything to drink beside dirty/murky sink water; LMDC dorms contain dust and mold; Plaintiff finds hair in his food repeatedly; the dorms on the fourth floor are not safe or sanitary; he is not given one hour per day outside; and LMDC is not adequately staffed. [*Id.* at 3].

Plaintiff seeks compensatory damages, punitive damages, and injunctive relief "preventing Defendants' from further violations of Plaintiff's rights." [*Id.* at 4].

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A. 42 U.S.C. § 1983

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### Municipal Liability

Plaintiff alleges that Defendants violated his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when their employees used excessive force in arresting him and exercised deliberate indifference to his medical care. [DN 1 at 4]. Plaintiff also brings condition of confinement claims under the Due Process Clause of the Fourteenth Amendment against the Louisville Metro Government. [DN 1-1 at 3]. Specifically, he alleges that at the LMDC, he has never been given a pillow, the lights are always on in his dorm, there are no windows by which he can see outside, he is not provided anything to drink beside dirty/murky sink water, the dorms contain dust and mold, he finds hair in his food repeatedly, the food does not have a proper or healthy nutritional value and is cold more often than not, the dorms on the fourth floor are not safe or sanitary, he is not given one hour per day outside, and LMDC is not adequately staffed. [*Id.*].

#### 1. Jefferson County Sheriff's Office

Because the Jefferson County Sheriff's Office is not subject to suit under § 1983, the Court

construes Plaintiff's claims against this Defendant as against Jefferson County. *See, e.g., Warner v. Greene Cnty. Jail Staff*, No. 3:19-cv-00095, 2019 WL 1934034 at *1 (S.D. Ohio May 1, 2019) (holding that county jail staff and medical department staff are arms of the county and not a "person" subject to suit under § 1983); *Payne v. Hamilton Cnty. Jail Sheriff's Staff*, No. 1:16-CV-426-JRG-SKL, 2016 WL 6585579 at *1–2 (E.D. Tenn. Nov. 7, 2016) (holding that a county jail sheriff's staff and medical staff are subdivisions of the sheriff's department and therefore are not legal entities subject to suit under § 1983).

### 2. LMDC

As to Defendant LMDC, LMDC is not a "person" subject to suit under § 1983 because municipal departments, such as detention centers, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). The Court therefore will construe the claim against Defendant LMDC as a claim brought against Louisville Metro Government. *See Matthews v. LMPD*, No. 3:19-CV-P581-RGJ, 2019 WL 5549209, at *2 (W.D. Ky. Oct. 25, 2019).

### 3. Louisville Metro Government, Jefferson County, and Well Path

"[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691 (1978). When a § 1983 claim is made against a municipality such as Jefferson County, Louisville Metro Government, or Well Path[1], the Court

---

[1] The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Well Path. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell*,

6

must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality as an entity is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Jefferson County, Louisville Metro Government, or Well Path. Thus, because the complaint and amended complaint fails to establish a basis of liability, the claims against these Defendants must be dismissed for failure to state a claim upon which relief may be granted.

---

436 U.S. at 691) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *see also Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM, 2022 WL 13973775, at *2 (W.D. Ky. Oct. 21, 2022).

Nonetheless, before dismissing this action, the Court will allow Plaintiff the opportunity to file a second amended complaint in which he (1) names as Defendants the individual officers, deputies, and medical providers of Jefferson County, Louisville Metro Government, and Well Path whose actions he alleges violated his Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution when they used excessive force in arresting him, exercised deliberate indifference to his medical care, or subjected him to the conditions of confinement of which he complains and (2) describes the actions allegedly taken by each. *See, e.g., LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) [of the Federal Rules of Civil Procedure,] a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). With respect to his condition of confinement claims, Plaintiff must also indicate how long he remained in those conditions or if he still remains in any of those conditions. *See Dye v. LMDC*, No. 3:22-CV-P164-RGJ, 2022 WL 3570353, at *5 (W.D. Ky. Aug. 18, 2022).

If Plaintiff chooses to file a second amended complaint, the Court will perform an initial review on that filing pursuant to § 1915A.

**B. Title VII Claims**

Plaintiff alleges that Defendants' actions violate Title VII of the Civil Rights Act of 1964. Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII, however, is wholly inapplicable to Plaintiff's allegations, as nothing in the complaint or amended complaint suggests that any of the Defendants committed an adverse employment action against him. *Cook v. Huss*, No. 1:21-CV-613, 2023 WL 2582241, at *8 (W.D.

Mich. Mar. 21, 2023); *Porter v. Louisville Jefferson Cnty. Metro Gov't*, No. 3:13CV-923-H, 2014 WL 6883268, at *5 (W.D. Ky. Dec. 5, 2014); *Thomas v. Lee*, No. 3:14-CV-24-M, 2014 WL 1618447, at *2 (W.D. Ky. Apr. 22, 2014). Plaintiff's Title VII claim will, therefore, be dismissed for failure to state a claim.

### C. State Law Claims

Plaintiff brings state law claims against Defendants for violations of the Kentucky Constitution, the Kentucky Civil Rights Act, intentional infliction of emotional distress, and negligence per se as a result of violations of the American Corrections Association Standards. He also brings state law assault and battery charges against Jefferson County and various breach of contract claims against the Louisville Metro Government.

In the event Plaintiff chooses not to amend his complaint with respect to the federal claims, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and will dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3) ("[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

### IV.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from entry of this Memorandum Opinion and Order, Plaintiff may file a second amended complaint in which he (1) names as Defendants the persons who allegedly violated his constitutional rights and describes the actions

taken by each; (2) sues these Defendants in their individual capacities; and (3) completes a summons form for each newly named Defendant. Plaintiff may also amend the remaining state law claims to reflect the individual defendants who are responsible for the violations or torts.

The Court **DIRECTS** the Clerk of Court to place this case number and the words "Second Amended" on a § 1983 complaint form and send it to Plaintiff for his use should he wish to file an amended complaint as well as four summons forms should Plaintiff wish to add Defendant(s).

The Court will conduct an initial review of the second amended complaint pursuant to 28 U.S.C. § 1915A. **Should Plaintiff fail to file a second amended complaint with the above information within the allotted amount of time, this action will be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1367(c)(3) declining to exercise supplemental jurisdiction over the state law claims.**

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

May 23, 2023

cc: Plaintiff, *pro se*
     Jefferson County Attorney
4414.014