UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JAMES M. WESTON, JR.**                                                      **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:23-CV-P147-JHM**

**LOUISVILLE METRO GOVERNMENT, et al.**                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Joint Motion for Summary Judgment filed by Louisville
Metropolitan Government (LMG) and Chad Murrell (DN 57). Plaintiff has responded (DN 64),
and Defendants have replied (DNs 79 and 81). The matter being ripe, the Court will grant
Defendants' motion (DN 57) as to Defendant LMG and deny it as to Defendant Murrell for the
following reasons.

## I. STATEMENT OF THE CASE

After initial review of the Third Amended Complaint[1] (hereinafter "Complaint") (DN 14),
Plaintiff's 42 U.S.C. § 1983 Fourth Amendment excessive force claims against Defendants LMG
and Murrell and his assault and battery claim against Defendant Murrell remained (DN 23).[2] The
complaint (DN 14) was drafted by Plaintiff's then-counsel.[3] It alleged that on February 20, 2023,
Plaintiff was "lawfully walking down the street," when Jefferson County Sherriff's Office (JCSO)
deputies, "purportedly" executing a warrant for his arrest, spotted him and executed "an unlawful

---

[1] On initial review of this case under 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claims but allowed him to
file a Second Amended Complaint to name individual Defendants (DN 9). Counsel for Plaintiff entered an appearance
(DN 12) and filed a Second and a Third Amended Complaint nearly simultaneously. *See* DNs 13 and 14. The Third
appeared to be a duplicate of the Second—though it attached summonses. The Court determined, therefore, that the
Third Amended Complaint (DN 14) was the operative pleading subject to initial review.

[2] Plaintiff's Fourteenth Amendment claims related to his medical care against Wellpath and Director Jerry Collins,
Medical Director Doe, and Nurse Renesha Stone in their individual capacities also remain. Defendant Wellpath has
filed a motion to dismiss (DN 78) which will be addressed separately.

[3] Plaintiff is no longer represented by counsel.

and unnecessary 'u-turn' in the midst of traffic[.]"  DN 14, para (15).  According to Plaintiff,

because he is an "African-American male who has been the victim of several abusive and unlawful

interactions with local law enforcement," he feared for his safety and ran.  *Id*. at para (19).  The

JCSO deputies "soon caught up to Plaintiff." *Id*. at para (20).  The complaint further alleged:

> 25.    [On] February 20, 2023, JCS[O] ** representatives, including but
> not necessarily limited to Murrell ** excessively and violently undertook Plaintiff's
> arrest in a manner consistent with the scathing criticisms of LMG/LMPD in the
> DOJ Report.  Even though (a) Plaintiff did not have a gun, (b) ** Murrell ** knew
> or should have known that Plaintiff did not have a gun, (c) Plaintiff yelled that he
> did not have a gun and (d) Plaintiff did not resist arrest, ** Murrell ** tased Plaintiff
> repeatedly. As Plaintiff was pleading with ** Murrell ** not to tase him because of
> his heart condition, and that ** Murrell ** was "going to kill him," ** Murrell **
> maliciously ** and needlessly ** tased Plaintiff anywhere from 4-7 times.
>
> 26.    ** Murrell's ** search of Plaintiff confirmed that Plaintiff did not
> have a gun. Plaintiff was going in and out of consciousness during this time and **
> Murrell ** got nervous about what he had done (and continued to do). ** Murrell
> ** also had his knee in Plaintiff's back during the assault, even though it was clearly
> unnecessary, and even hit/kicked at his ribs and caused Plaintiff's head to violently
> hit the ground.
>
> 27. Plaintiff had a cardiac event and/or other complications at the scene of
> the arrest, so ** Murrell ** took Plaintiff to the University of Louisville Hospital
> ("UofL").

DN 14, paras (25-27).

Plaintiff also alleged that Defendant Murrell's actions were attributable to Defendant LMG

as part of a larger pattern or practice. *Id*. at para (35).

## II. SUMMARY-JUDGMENT STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is "no

genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the

basis for its motion and identifying that portion of the record that demonstrates the absence of a

genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the

2

moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id*. at 252.

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). Further, the Court notes that Plaintiff's complaint is not entitled to the liberal construction afforded *pro se* litigants because it was drafted by an attorney.

### III. ARGUMENTS

### A. Defendant LMG

Defendant LMG argues that the JCSO is not an agency of LMG and, therefore, Defendant LMG cannot be liable for allegedly unconstitutional JCSO policies under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). DN 57-1, PageID #: 277-80. Defendant LMG, citing to Ky. Const. § 99, points out that the office of the County Sheriff is an independently elected office

created by Kentucky's Constitution and, as such, is not under Defendant LMG's control. *Id*. at PageID #: 278-79 (citing Ky. Rev. Stat. § 67C12(2); *Whitlock v. Rowland*, 453, S.W.3d 740, 743-44 (Ky. App. 2015)). Defendant LMG attaches the affidavit of Colonel John Aubrey, Jefferson County Sheriff, averring that the JCSO "is not an agency or department of Louisville/Jefferson County Metropolitan Government . . . . The JCSO is an independent office created by Kentucky's Constitution, and I am an independently elected official." DN 57-4, PageID #: 299. Colonel Aubrey further avers that Defendant LMG does not "create, set, modify or have input into the policies of the JCSO[;] . . . hire, train or supervise the JCSO, or its employees[;] . . . or discipline the JCSO, or its employees, concerning violations of JCSO policies." *Id*.

In his response, Plaintiff agrees that the JCSO is not an agency of Defendant LMG and requests that Defendant LMG be dismissed as a party. DN 64, PageID #: 375. Defendant LMG's reply (DN 79) requests summary judgment in its favor given that Plaintiff has agreed that it should be dismissed from this action. DN 79, PageID #: 743. For these reasons, the Court will grant summary judgment to Defendant LMG.

## B. Defendant Murrell

Defendant Murrell argues that Plaintiff's excessive force claims against him are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has now pleaded guilty to resisting arrest in connection with the arrest effected by Defendant Murrell, thus waiving any affirmative defense he may have had and necessarily agreeing that Defendant Murrell's use of force was not excessive. DN 57-1, PageID #: 281. He argues that Plaintiff's assertion of excessive force contradicts the core element of his underlying criminal offense of resisting arrest. *Id*. Therefore, Plaintiff cannot prevail on his § 1983 claims against Defendant Murrell while his conviction

stands, because to do so would require the invalidation of his guilty plea to resisting arrest. *Id*. at PageID #: 282-88.

Defendant Murrell further argues that Plaintiff's state law excessive force claims are barred by issue preclusion based on his guilty plea and that he is qualifiedly immune under Kentucky law on the assault and battery claim against him.

In response, Plaintiff offers his own, unsworn, statement of facts.[4]  *See* DN 64, PageID #: 376.

> Being out of breath and tired due to my recent heart surgery I decided to give up and at the same time I heard Defendant Murrell tell me to stop running, I turned around raised my shirt and said "don't shoot I don't have a gun" and the next thing I knew I was tazed and fell down on my back and I was looking at the sky, grabbing my chest as my heart felt like it was going to pop and then he released the charge and I screamed, "stop you are going to kill me, my heart, please don't kill me," and then he tazed me again and I went black after that.
>
> l remember waking up with someone trying to recessitate me.  I blacked out then came to again and tried to grab Murrell's hand screaming "please don't let me die" and he slammed my hand into the ground and kept asking where the drugs were at, I said "I don't have any drugs or a gun" and they took me to a Jeep [which transferred Plaintiff to the hospital].

*Id*.

According to Plaintiff, he could not have asserted the affirmative defense of excessive force to resisting arrest because the arrest itself was not illegal. *Id*. at PageID #: 378.  He urges the Court to apply an objectively reasonable test to Defendant Murrell's actions without regard to underlying motivations given that Defendant Murrell tased him in the chest knowing the condition of

---

[4] Plaintiff's statement of his version of events in his response is not signed under penalty of perjury and, therefore, does not carry the weight of admissible evidence to defeat summary judgment. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).  "[The Sixth Circuit] has noted that 'a motion for summary judgment may not be defeated by factual assertions in the brief of the party opposing it, since documents of this nature are self-serving and are not probative evidence of the existence or nonexistence of any factual issues." *Garvey v. Montgomery*, 128 F. App'x 453, 462 n.6 (6th Cir. 2005) (quoting *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 325 n.1 (6th Cir. 1988)).

Plaintiff's heart.  *Id*. at PageID #: 384.   Plaintiff also argues that summary judgment is premature

at this time because "discovery is ongoing."  *Id*.  He attaches as his only exhibit his wife's affidavit.

*Id*. at PageID #: 386.

      Defendant's Murrell's reply (DN 81) argues that Plaintiff has not produced any affirmative

evidence sufficient to establish a genuine issue of material fact.  DN 81, PageID #: 748.  He further

argues that the *Heck* bar applies because, other than his unsworn statement, Plaintiff does not

dispute or provide evidence to contradict that Defendant Murrell used the taser prior to Plaintiff's

arrest.  *Id*. at PageID #: 749.

*1. Discovery*

      Before considering the merits of the summary-judgment motion, the Court turns to

Plaintiff's assertion that it is premature because discovery is not complete.[5]  Plaintiff offers what

he terms is an example of unfinished discovery, *i.e.*, what setting the taser was on.  DN 64, PageID

#: 384.

      Rule 56(d) establishes the proper procedure when a party asserts that additional discovery

is necessary to respond to a motion for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons,
> it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

---

[5] The Court's Revised Scheduling Order (DN 37) provided that discovery was due on February 14, 2025.  Defendants
filed this summary-judgment motion on November 8, 2024 (DN 57).

Plaintiff has not provided his affidavit or declaration as required by Rule 56(d).  *See Elite Contractors, Inc. v. CitiMortgage*, No. 12-cv-10284, 2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) ("A party that wishes to engage in fact discovery may defeat summary judgment if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.") (internal quotations omitted).  "However, a formal affidavit may not be required 'when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)).

Here, Plaintiff has not specified any reasons that he "cannot present **facts essential to justify**" his opposition to Defendant Murrell's motion.  Fed. R. Civ. P. 56(d) (emphasis added).  What setting the taser was on is not essential here because Defendant Murrell's motion rests on his assertion that the excessive force claim is barred by *Heck*.  *See, e.g, Murray v. Jones*, No. 6:20-CV-00082-MAS, 2025 WL 1507011, at *5–6 (E.D. Ky. May 27, 2025) ("While these facts may be relevant to the merits of Murray's excessive force claim (particularly, whether the force used was gratuitous), they do not address the dispositive issue under *Heck*: when the alleged excessive force occurred relative to his resistance ceasing.").  Thus, the Court finds no reason to apply any of the remedies set forth in Rule 56(d) before considering the merits of Defendant Murrell's summary-judgment motion.

## 2. Heck bar

In *Heck*, the Supreme Court held that a state prisoner may not assert a § 1983 claim if success on that claim would render the conviction or sentence invalid, until and unless "the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared

invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." 512 U.S. at 486-87. In excessive force cases, the Sixth Circuit has identified two circumstances in which *Heck* may bar a § 1983 claim: 1) when the criminal provision makes the lack of excessive force an element of the crime, or 2) when excessive force is an affirmative defense to the crime. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 609-10 (6th Cir. 2014) (citing *Schrieber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010)). "[A]n excessive force claim is not barred [by *Heck*] when the alleged use of force occurred after the suspect was handcuffed and brought under control." *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 431 (6th Cir. 2012); *see also Swiecicki v. Delgado*, 463 F.3d 489, 494 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

Kentucky defines the crime of resisting arrest as follows:

> A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer, recognized to be acting under color of his official authority, from effecting an arrest of the actor or another by:

> (a) Using or threatening to use physical force or violence against the peace officer or another; or

> (b) Using any other means creating a substantial risk of causing physical injury to the peace officer or another.

Ky. Rev. Stat. § 520.090(1).

"[I]n Kentucky, defendants charged with resisting arrest may raise excessive force as an affirmative defense." *Spurlin v. Kromer*, No. 4:21-CV-106-BJB, 2024 WL 4151173, at *2 (W.D. Ky. Sept. 11, 2024) (citing Ky. Rev. Stat. § 520.090 (Commentary)); *see also Burke v. Forbis*, No. 3:18-cv-802, 2021 WL 2418574, at *3 (W.D. Ky. June 14, 2021) (collecting sources); *Hart by & through Dillon v. Lawson*, No. 6:20-CV-147-REW-CJS, 2024 WL 251147, at *10–11 (E.D.

Ky. Jan. 23, 2024) ("Because Hart could have raised excessive force as a defense, but did not, his claim . . . is barred by his state guilty plea [to resisting arrest].").

It is undisputed that Plaintiff pleaded guilty to resisting arrest. The guilty plea, which is attached to the summary-judgment motion, set forth the following facts of the case: "On January 18, 2023, Defendant escaped from the LMDC Home Incarceration Program. . . . When Defendant was apprehended by police on February 20, 2023, he fled from police and resisted arrest." DN 57-3, PageID #: 295. Plaintiff pleaded guilty to "Resisting Arrest – 12 Months." *Id.* at PageID #: 296.

Thus, *Heck* bars a claim for any excessive force occurring before Plaintiff's arrest. Although Defendant Murrell produced a number of documents related to the arrest, they do not provide a picture of the timing of when the allegedly excessive force occurred and when the arrest occurred, *i.e.*, when Plaintiff was "handcuffed and brought under control." *Matheney*, 461 F. App'x at 431; *see also Swiecicki,* 463 F.3d at 494. Additionally, the documents are not properly authenticated such that they would be admissible as evidence.

Because Defendant Murrell has failed to provide evidence sufficient to find that no excess force occurred after Plaintiff was "handcuffed and brought under control," *Matheney*, 461 F. App'x at 431, he fails to meet his burden to produce evidence showing that no finder of fact could find a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, the Court will deny Defendant Morrell's summary-judgment motion without prejudice to filing a properly supported motion. *See, e.g.*, *McCluskey v. PrimeCare Med., Inc.,* No. 05-CV-052-JD, 2006 WL 1134916, at *3 (D.N.H. Apr. 25, 2006) (court's decision to not parse through affidavit to find statements apparently based on personal knowledge that would be competent for summary judgment purposes and the affidavit's lack of record citations and lack of copies of the pertinent

9

records lead court to deny summary judgment without prejudice to refiling a properly supported motion).[6]

**IT IS ORDERED** that Defendant LMG's motion for summary judgment (DN 57) is **GRANTED**.

The Court **DIRECTS the Clerk of Court** to terminate Louisville Metropolitan Government as a party to this action.

**IT IS FURTHER ORDERED** that Defendant Murrell's motion for summary judgment (DN 57) is **DENIED without prejudice to file a properly supported motion for summary judgment after certifying that all relevant records and documents have been provided to Plaintiff in accordance with the Court's Revised Scheduling Order (DN 37)** (Defendants' counsel shall produce to Plaintiff all records or documentation relevant to the remaining claims that have survived initial review. **Counsel shall certify that the production is complete and shall file the certification with the Court.**) (Emphasis in the original).

**Plaintiff may request additional time to conduct relevant discovery to the unresolved issue in Defendant Murrell's argument for summary judgment: whether Defendant Murrell engaged in any excessive force after Plaintiff's arrest**.

Date:  September 3, 2025

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.009

---

[6] Plaintiff offers no evidence to support his unsworn statements in his response except his wife's affidavit, but her averments only pertain to her interactions with deputies before the chase commenced.  DN 64, at PageID #: 386.

10