**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**JAMES M. WESTON, JR.**                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:23-CV-P147-JHM**

**LOUISVILLE METRO GOVERNMENT, et al.**                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's "Response," technically a surresponse (DN 116), which he signed on March 11, 2026, but which was not received by the Court until March 16, 2026, after Judgment had been entered in this case; and Plaintiff's motion to reconsider the entry of summary judgment for Defendant Chad Murrell (DN 117).

The Joint Local Rules of Civil Practice (LR) applicable to this Court and the Eastern District of Kentucky do not provide for the filing of a surresponse or surreply. *See* L.R. 7.1; *Berryman v. Stein*, No. CV 5:20-037-DCR, 2020 WL 2950349, at *2 (E.D. Ky. June 3, 2020). Plaintiff did not have permission to file a surresponse in this matter; however, the Court has considered it in conjunction with Plaintiff's motion for reconsideration.

### I.

Rule 59(e) of the Federal Rules of Civil Procedure allows an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days of its entry, and the Court construes Plaintiff's motion for reconsideration as a Rule 59(e) motion to alter or amend the Court's judgment. A motion made pursuant to Rule 59(e) allows a district court an opportunity to fix its own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (citation omitted). A Rule 59(e) motion should be granted when there is: "(1) a clear error of law; (2) newly discovered

evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted).  Rule 59(e) may not be used to present either evidence or legal arguments that could have been raised before the Court's entry of judgment.  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used . . . to present evidence that could have been raised prior to the entry of judgment.") (citation and quotation marks omitted); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.").  Plaintiff's motion touches only on whether there is a clear error of law or the possibility of manifest injustice.

**II.**

Plaintiff's motion takes issue with the Court's conclusion that because he failed to raise the affirmative defense of excessive force and pleaded guilty to resisting arrest in state court, *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), bars a claim for excessive force occurring before he was arrested.  It also takes issue with the Court's determination that in his case his arrest did not occur until he "was 'handcuffed and brought under control.'"  DN 113, PageID #: 1156 (quoting *Matheney v. City of Cookeville, Tenn.*, 461 F. App'x 427, 431 (6th Cir. 2012)).  Plaintiff argues that common sense dictates that officers cannot beat a suspect without handcuffing him and then simply assert that he was resisting arrest.  DN 117, PageID #: 1171.  Plaintiff's motion also asserts that he did not abandon any claims in his "Amended Petition."  *Id*.  In the alternative to granting his reconsideration motion, he requests the Court to issue a certificate of appealability (COA).  *Id*.

In his surresponse, Plaintiff, as he did in his response to the summary-judgment motion, argues that Defendant Murrell tried to persuade the Court that "excessive force can never happen

prior to a defendant being handcuffed."[1] DN 116, PageID #: 1166. He argues that Defendant Murrell's reliance on *Heck* is misplaced because his "conviction for resisting arrest does not prevent the civil claim." *Id*. (citing *Donavon v. Thames*, 105 F.3d 291, 296 (6th Cir. 1997) (applying Kentucky law), and *Gonzalez v. Lusardi*, 930 F. Supp. 2d 840, 852 (E.D. Ky. 2013)). Plaintiff next argues, "For too long now, Officers have been given too much leeway in the amount of force they can use on a defendant" even to the point that the criminal defendant requires hospitalization, as Plaintiff did. *Id*. at PageID #: 1167. Finally, he argues that his complaint and his other filings clearly state that once the officers caught up with him, he surrendered, but because they had to chase him, they were mad and used excessive force. *Id*.

First, "Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments." *Jones v. Stapleton*, No. 2:08-CV-110, 2012 WL 3186108, at *2 (W.D. Mich. Aug. 3, 2012) (collecting cases). Second, in *Donovan* and *Gonzalez*, cited by Plaintiff, *Heck* was not at issue. Rather these cases considered the doctrine of issue/claim preclusion, which is a separate legal doctrine from the *Heck* bar. Here, the Court determined that Plaintiff's claim of excessive force was not cognizable because it would imply the invalidity of his conviction for resisting arrest. *See Heck*, 512 U.S. at 486–87. The Sixth Circuit in *Donavon* considered only whether issue or claim preclusion barred an excessive force claim.[2] 105 F.3d at 297. The *Gonzalez* court also considered whether the issue of excessive force had been litigated in state court, thereby precluding such a claim in plaintiff's § 1983 action, concluding that the

---

[1] Plaintiff fails to recognize that the time to raise a claim of excessive force occurring before he was arrested was before he pleaded guilty to resisting arrest in state court. Excessive force is an affirmative defense to the charge of resisting arrest in Kentucky. *Spurlin v. Kromer*, No. 4:21-CV-106-BJB, 2024 WL 4151173, at *2 (W.D. Ky. Sept. 11, 2024) (citing Ky. Rev. Stat. § 520.090 (Commentary)).

[2] Under Kentucky law, *res judicata*, or claim preclusion, "may be used to preclude entire claims that were brought or should have been brought in a prior action, while the doctrine of collateral estoppel [or issue preclusion] only applies to issues actually litigated." *City of Covington v. Bd. of Tr. of Policemen's and Firefighters' Ret. Fund,* 903 S.W.2d 517, 521 (Ky. 1995).

plaintiff's disorderly conduct conviction did not bar her from pursuing an excessive force claim. 930 F. Supp. 2d at 851.

In the instant case, Plaintiff pleaded guilty to resisting arrest and, as set forth in the Court's Memorandum Opinion and Order (DN 113), the certified documents from Plaintiff's criminal record of his guilty plea set forth the following facts of the case: "On January 18, 2023, Defendant escaped from the [Louisville Metro Detention Center] Home Incarceration Program. . . . When Defendant was apprehended by police on February 20, 2023, he fled from police and resisted arrest." DN 105-2, PageID #: 995.  Plaintiff pleaded guilty to "Resisting Arrest – 12 Months." *Id*. at PageID #: 992, 996.  This Court concluded that "any excessive force claim occurring before the arrest could have been brought as an affirmative defense to the charge of resisting arrest[.]" DN 113, PageID #: 1155.  Because Plaintiff did not raise excessive force as a defense to his state-court charge of resisting arrest, a finding now that excessive force occurred before his arrest would necessarily imply the invalidity of his conviction for resisting arrest.

As for Plaintiff's argument that he stated in his complaint and his other filings that once the officers caught up with him, he surrendered, but because they were mad that they had to chase him, they used excessive force, DN 116, PageID #: 1167, Plaintiff misunderstands that at the summary-judgment stage he must put forth *evidence* to dispute Defendant Murrell's evidence of what occurred, *i.e.*, that Plaintiff continued to struggle and refused to disobey orders even after he stopped running until after the third tasing.[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986) (directing that once the moving party satisfies his burden of specifying the basis for its summary-judgment motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact, the non-moving party then must produce specific facts

---

[3] See DN 113, PageID #: 1153 (quoting DN 105-3, PageID #: 1005).

demonstrating a genuine issue of fact for trial).  Plaintiff put forth no evidence to dispute Defendant Murrell's evidence, *i.e.*, Defendant Murrell's response to Plaintiff's interrogatories stating that Plaintiff did not stop running until after he was tased, at which point Plaintiff reached into his waistband, causing Defendant Murrell to believe that he had a weapon and tase him and that Plaintiff continued to resist and tased him again before Plaintiff did put his hands above his head in compliance with Defendant Murrell's orders, DN 105-3, PageID #: 1005; (2) Plaintiff's own deposition testimony in which he stated that he blacked out before being handcuffed and the last thing he remembered was grabbing his chest, DN 105-4, PageID #: 1021; and (3) Plaintiff's interrogatory answer providing the same information, DN 105-6, PageID #: 1046.  As the Court's Memorandum Opinion and Order set out, the material question here was whether excess force occurred *after* Plaintiff was "handcuffed and brought under control," *Matheney*, 461 F. App'x at 431, not because the law allows excessive force before handcuffs are applied but because Plaintiff had pleaded guilty in state court to resisting arrest without raising the affirmative defense that excessive force occurred before he was arrested, *i.e.*, before he ceased struggling.

Plaintiff has not shown a legal error in the Court's conclusion that his claim related to alleged excessive force occurring before his arrest is *Heck*-barred because he did not raise the excessive-force defense to the charge of resisting arrest.  *See Spurlin*, 2024 WL 4151173, at *2 (excessive force is an affirmative defense to resisting arrest charge); *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 609 (6th Cir. 2014) ("[I]f a plaintiff asserts a claim . . . that . . . could have been asserted in criminal court as an affirmative defense, *Heck* applies to bar the § 1983 suit."). Nor does the Court find that manifest injustice would occur absent a grant of Plaintiff's motion. Accordingly, the Court will deny Plaintiff's reconsideration motion.

As to Plaintiff's statement that he did not abandon his claims in his "Amended Petition," the Court assumes he is referencing the Court's determination in its Memorandum Opinion and Order that by not raising his state-law claim *in his response to the summary-judgment motion*, he abandoned it.  DN 113, PageID #: 1157 (citing cases).  Plaintiff offers no evidence to show that the Court's conclusion was erroneous, and his mere statement of his intent now not to abandon his claims does not warrant Rule 59(e) relief.

Finally, a COA is neither authorized nor necessary in this civil-rights case to file an appeal; that requirement applies only to habeas corpus cases.  *See, e.g.*, *Buchanan v. Oklahoma*, 398 F. App'x 339, 343 (10th Cir. 2010) ("It is beyond peradventure that a COA is not necessary to appeal from a district court's resolution of § 1983 claims."); *see also* 28 U.S.C. § 2253(c)(1)(A) (addressing COA requirement in habeas cases).  Accordingly, the Court will deny this request.

**III.**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (DN 117) is **DENIED**.

Date:    April 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
        Counsel of record
4414.009

6